IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tolo Properties LLC,                  :
              Appellant        :
                                 :
        v.                     :
                                 :
Sylvester Q. Jones and The Unknown  :   No. 334 C.D. 2019
Heirs of Sylvester Q. Jones        :   Submitted: February 26, 2021

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: May 3, 2021

        Tolo Properties, LLC (Appellant), appeals from the February 6, 2019 order of the Philadelphia County Court of Common Pleas (trial court) that dismissed Appellant's Petition for the Appointment of a Conservator Pursuant to the *Abandoned and Blighted Property Conservatorship Act* (Petition) of real property located at 1806 Harlan Street, Philadelphia, Pennsylvania (the Property). For the reasons that follow, we affirm.

        On January 17, 2019, Appellant commenced this matter as an *in rem* action by filing the Petition pursuant to the Abandoned and Blighted Property Conservatorship Act, Act of November 26, 2008, P.L. 1672, *as amended*, 68 P.S. §§ 1101-1111 (the Act). The Petition alleged the following concerning the Property:

16. The Property is a vacant and abandoned lot located at 1806 Harlan Street, Philadelphia, Pennsylvania 19121.

. . . .

18. The Property and grounds have not been maintained for at least 9 years. (A historic photograph of the Property from Google Maps is attached hereto as Exhibit "3").

19. Photos of the Property taken on January 5, 2019 are attached hereto and incorporated herein as Exhibit "4".

. . . .

21. The Property is currently a trash strewn lot with excessive debris.

22. The Property contains excessive overgrowth of vegetation.

23. The debris and overgrowth subject the Property and neighborhood to vermin. See Exhibit "4".

24. The Property is in the following condition: [Photograph attached.]

Petition at 3-4, ¶¶ 16, 18-19 & 21-24. The Petition then detailed numerous violations from the City of Philadelphia Department of Licenses and Inspections issued to the Property owner from 2011 through 2019 for failing to maintain the Property in a clean, safe, and sanitary condition (collectively, Violation Notices). *See* Petition at 4-8, ¶¶ 25-44; *see also* Violation Notices, Exhibits 5-14. The Petition also included certain attachments as exhibits, including an information certificate regarding the Property from an abstract company (Exhibit 1); a deed to the Property dated December 11, 1984 (Property Deed) (Exhibit 2); historical and current photographs of the Property and surrounding properties (Exhibits 3 through 4 & 15); the Violation

2

Notices (Exhibits 5-14); and a printout from realtor.com detailing the Property and the surrounding neighborhood together with a Financial Plan & Budget for the planned conservatorship of the Property (Exhibit 16). *See* Petition Exhibits 1-16.

Without scheduling a hearing, the trial court dismissed the Petition without prejudice by order dated February 6, 2019, which stated: "[Appellant] has failed to establish the property in question falls under the definition of a 'building' pursuant to the Act." Trial Court Order to Dismiss dated February 6, 2019 (Order to Dismiss). Appellant timely appealed to this Court.[1, 2, 3]

On appeal, Appellant alleges that the trial court committed an error of law and/or an abuse of discretion by denying the Petition without affording Appellant a hearing or the opportunity to present additional evidence in support of the Petition. *See* Appellant's Brief at 4, 10-21. Specifically, Appellant alleges the trial court failed to regard the Property Deed and photographs attached to the Petition as proof that illustrated the Property once contained a building that has been demolished. *See id.* at 10-15. Appellant also argues that the trial court erred in not granting a hearing despite Appellant having included with the Petition a sworn

---

[1] "Our review is limited to determining whether the trial court abused its discretion or committed an error of law necessary to the outcome of the case." *City of Bethlehem v. Kanofsky*, 175 A.3d 467, 475 (Pa. Cmwlth. 2017) (internal quotations omitted).

[2] Appellee was precluded from filing a brief in this matter for failure to comply with this Court's Order of February 5, 2020, requiring Appellee to file a brief within 14 days.

[3] By order dated February 20, 2020, this Court denied the Application of The Philadelphia Land Bank (Land Bank) for Leave to Intervene and Request for Additional Time to File Brief, which had been filed on January 28, 2020. Although it denied the requested intervention, this Court's February 20, 2020 order permitted Land Bank to file an *amicus* brief pursuant to Pa. R.A.P. 531, which Land Bank accordingly filed on March 11, 2020, and which alleges that the instant appeal is moot as a result of Land Bank acquiring the Property at an April 18, 2019 sheriff's sale. We note that Appellant has not withdrawn this appeal.

statement that Appellant has met the requirements of pleadings under the Act. *Id.* at 15-21. We disagree.

> Initially, this Court has explained that
>
> > in Pennsylvania, sufficient factual averments must be pleaded in a complaint to sustain a cause of action. Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim. Even our present liberalized system of pleading requires that the material facts upon which a cause of action is premised be pled with sufficient specificity so as to set forth the prima facie elements of the [claims] alleged.

*Horan v. Newingham* (Pa. Cmwlth., No. 2622 C.D. 2015, filed Oct. 24, 2016),[4] slip op. at 17 (internal citations and quotation marks omitted).

> The Act provides:
>
> > [a] petition for the appointment of a conservator to take possession and to undertake the rehabilitation of a building may be filed by a party in interest in a court in the county in which the building is located.

Section 4 of the Act, 68 P.S. § 1104(a). Thus, at initiation, a petition must allege, at a minimum, that the petitioner is a party in interest and that the property to which a conservator is requested to be appointed is a "building" under the Act. *See id.* The Act defines a "building" as

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

4

> [a] residential, commercial or industrial building or structure and the land appurtenant thereto, including a vacant lot on which a building has been demolished.

Section 3 of the Act, 68 P.S. § 1103. A trial court may deny a hearing under the Act if "it appears that a *prima facie* entitlement to a hearing on the appointment of a conservator is not established via documents or detailed averments attached to or included in the [p]etition." Philadelphia County Court of Common Pleas General Court Regulation 2009-01 ¶ 10.

In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion (1925(a) Opinion), the trial court noted the applicable definition of "building." 1925(a) Opinion at 2. The trial court explained that Appellant was not entitled to a hearing on the appointment of a conservator because the Petition failed to make requisite allegations to establish a *prima facie* claim that the Property qualifies as a "building" under the Act. *See* 1925(a) Opinion at 2-3. The trial court explained as follows:

> [T]here are no facts contained within the Petition to establish the [P]roperty falls within the definition of "building" as provided in the Act. The Petition alleges "The Property is a vacant and abandoned lot located at 1806 Harlan Street, Philadelphia, PA 19121." Nowhere in this averment is an allegation that a building once stood on 1806 Harlan Street and had been demolished.

1925(a) Opinion at 2-3 (internal citations omitted).

We agree that the plain language of the Petition makes no averment that the Property is a residential, commercial, or industrial building or structure. *See* Petition at 3-8, ¶¶ 16-46. Further, as the trial court noted, the Petition makes no express averment that the vacant lot that forms the Property ever had a building

5

thereon that has been demolished. *See* Petition at 3-7, ¶¶ 16-46; *see also* 1925(a) Opinion at 2-3. Thus, the trial court needed to examine the documents attached to or included in the Petition to determine whether it established a *prima facie* entitlement to a hearing under the Act. *See* Philadelphia County Court of Common Pleas General Court Regulation 2009-01 ¶ 10.

The trial court performed such an examination and determined as follows:

> A review of the photos reveals a vacant lot covered with overgrown vegetation, litter, and debris; nothing in these photos suggest a building existed on the lot and has been demolished.

1925(a) Opinion at 3 (footnote omitted). Philadelphia County Court of Common Pleas' regulations allow the trial court to assess whether petitions filed under the Act have met *prima facie* thresholds to request the appointment of a conservator. *See* Philadelphia County Court of Common Pleas General Court Regulation 2009-01 ¶ 10. We find no error of law or abuse of discretion in the trial court having made such an assessment by reviewing the photographs attached to the Petition in this case, Appellant's disagreement with the trial court's assessment of the photographs notwithstanding.

Further, although not expressly discussed by the trial court in its order or the 1925(a) Opinion, none of the other documents attached to the Petition could have carried the Petition over the required threshold of producing *prima facie* evidence that the Property is a "building" under the Act. Contrary to Appellant's suggestion,[5] the Property Deed does not evidence that a building previously stood

---

[5] *See* Appellant's Brief at 13.

on the Property and has been demolished. The Property Deed is a form deed that makes the following general conveyance: "ALL THAT CERTAIN lot or piece of ground with building and improvements thereon erected[,]" and then continues with a metes and bounds description of the Property. *See* Property Deed at 1. The Property Deed does not include a description or any details of any then-existing buildings or improvements. *See id.* at 1-3. The Property Deed's general statement regarding buildings and improvements is a conditional statement of possibility that if, in fact, buildings or improvements actually did exist on the property when deeded, then those buildings and improvements would be included and conveyed as part of the deed. *See Kramer v. Dunn*, 749 A.2d 984, 992 (Pa. Super. 2000)[6] ("where there is a sale of real estate and the seller conveys the property with the structures and buildings contained thereon, the deed is a representation that the buildings are a part of the sale and are a part of the property described in the deed"). The Property Deed does not, however, make a definite statement that any such buildings or improvements *actually existed* at the time the deed was prepared, and thus cannot be read as evidence of a previously existing and since demolished building for purposes of the Act. *See* Property Deed.

Likewise, the other exhibits attached to the Petition do not represent *prima facie* evidence that a now-demolished building once stood on the Property. The Violation Notices discuss the unsanitary conditions existent at the Property, which the notices describe simply as a vacant lot. *See* Petition Exhibits 5-14. Additionally, the realtor.com printout and photographs of the surrounding neighborhood describe the neighborhood in general and do not evidence or

---

[6] Although not binding, Superior Court decisions are persuasive authority in this Court. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

7

necessitate the conclusion that a now-demolished building ever existed on the Property in particular. *See* Petition Exhibits 15-16.

Finally, to the extent Appellant argues that "all that is required to proceed to a hearing[,]" Appellant's Brief at 16 (emphasis omitted), is a sworn statement that the factors enumerated in Section 5(d)(5) of the Act are met, we disagree. Section 5(d) of the Act specifies the conditions that must be present to appoint a conservator under the Act, one of which conditions is the existence of a minimum of three of the nine property conditions enumerated in Section 5(d)(5). *See* 68 P.S. § 1105(d).[7] The conditions enumerated in Section 5(d) are examined

---

[7] Section 5(d) provides as follows:

**(d) Conditions for conservatorship.--**If a petition is filed under section 4, the court may appoint a conservator if all of the following apply as of the date of filing:

(1) The building has not been legally occupied for at least the previous 12 months.

(2) The owner fails to present compelling evidence that he has actively marketed the property during the preceding 60-day period and made a good faith effort to sell the property at a price which reflects the circumstances and market conditions.

(3) The property is not subject to a pending foreclosure action by an individual or nongovernmental entity.

(4) The current owner fails to present sufficient evidence that he has acquired the property within the preceding six months. The evidence shall not include instances where the prior owner is a member of the immediate family of the current owner, unless the transfer of title results from the death of the prior owner, or where the current or prior owner is a corporation, partnership or other entity in which either owner or the immediate family of either owner has an interest in excess of 5%.

(5) The court finds at least three of the following:

8

(i) The building or physical structure is a public nuisance.

(ii) The building is in need of substantial rehabilitation and no rehabilitation has taken place during the previous 12 months.

(iii) The building is unfit for human habitation, occupancy or use.

(iv) The condition and vacancy of the building materially increase the risk of fire to the building and to adjacent properties.

(v) The building is subject to unauthorized entry leading to potential health and safety hazards and one of the following applies:

> (A) The owner has failed to take reasonable and necessary measures to secure the building.

> (B) The municipality has secured the building in order to prevent such hazards after the owner has failed to do so.

(vi) The property is an attractive nuisance to children, including, but not limited to, the presence of abandoned wells, shafts, basements, excavations and unsafe structures.

(vii) The presence of vermin or the accumulation of debris, uncut vegetation or physical deterioration of the structure or grounds has created potential health and safety hazards and the owner has failed to take reasonable and necessary measures to remove the hazards.

(viii) The dilapidated appearance or other condition of the building negatively affects the economic well-being of residents and businesses in close proximity to the building, including decreases in property value and loss of business, and the owner has failed to take reasonable and necessary measures to remedy appearance or the condition.

(ix) The property is an attractive nuisance for illicit purposes, including prostitution, drug use and vagrancy.

after a petition has been properly initiated under Section 4 of the Act. These conditions do not replace the Act's requirement that a petitioner for the appointment of a conservator present adequate pleadings to proceed under the Act, including averments sufficient to establish at least a *prima facie* case that the property for which a conservator is sought qualifies as a "building" under the Act. *See* 68 P.S. §§ 1103, 1104(a). As detailed above, Appellant failed to make this threshold allegation either through direct averments or through documents attached to the Petition, which the trial court reviewed in detail.

For these reasons, we affirm the trial court order dismissing the Petition.[8]

_____
CHRISTINE FIZZANO CANNON, Judge

---

68 P.S. § 1105(d).

[8] We acknowledge Land Bank's argument that this matter is moot as a result of Land Bank's purchase of the Property at an April 18, 2019 sheriff's sale. *See* Amicus Brief at 1 & 3-4 (pagination supplied). While we appreciate Land Bank's argument, given the Court's denial of Land Bank's requested intervention and our disposition herein, we need not discuss either the allegations of the *amicus* brief or the attached documentary support therefor. Those documents are outside the underlying trial court record in any event.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tolo Properties LLC,          :
          Appellant    :
                            :
       v.               :
                            :
Sylvester Q. Jones and The Unknown  :   No. 334 C.D. 2019
Heirs of Sylvester Q. Jones       :

O R D E R

AND NOW, this 3rd day of May, 2021, the February 6, 2019 order of the Philadelphia County Court of Common Pleas is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge